UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MIRNA PAGOADA, on behalf of herself and all   :
others similarly situated,   :    Case No. 19 Civ. 6885
  :
         Plaintiff,   :
  :    **CLASS AND COLLECTIVE**
    -against-   :    **ACTION COMPLAINT**
  :
MARAV USA LLC, d/b/a BINGO   :    **JURY TRIAL DEMAND**
WHOLESALE, HADAR GEULAH INC, MOSHE   :
NEIGER, DAVID WEISS and SAMUEL ROTH,   :
  :
        Defendants.   :
  :
------------------------------------------------------------ X

Plaintiff Mirna Pagoada ("Plaintiff"), on behalf of herself and all others similarly situated, by and through their attorneys, THE BOIES LAW FIRM, PLLC and TAKEROOT JUSTICE, complaining of the Defendants Marav USA LLC, d/b/a Bingo Wholesale, Hadar Geulah Inc, (collectively, "Corporate Defendants"), Moshe Neiger, David Weiss and Samuel Roth (together with Corporate Defendants, "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1.     This lawsuit seeks to recover unpaid overtime compensation, unpaid non-overtime wages, and damages for the Defendants' failure to provide wage notice at the time of hiring ("hiring notices") and wage statements with each wage payment (i.e., paystubs) to Plaintiff and similarly situated co-workers who have worked for the Defendants as cooks, restaurant servers, deli servers and supermarket workers, however variously titled by Defendants (collectively "Bingo Wholesale and Hadar Geulah Workers"), pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL" or "N.Y. Lab. Law").

2.    Corporate Defendants are a restaurant, retail and wholesale supermarket, owned and operated by, Moshe Neiger, David Weiss, and Samuel Roth (the "Individual Defendants").

3.    Over the last six years, Defendants have employed Bingo Wholesale and Hadar Geulah Workers, including Plaintiff, to sell food to customers inside the Bingo Wholesale location at 1245 61st Street, Brooklyn, NY 11219, as well as delivery services to their customers throughout New York City and the surrounding area.

4.    Defendants, however, violated the FLSA and NYLL rights of these Bingo Wholesale and Hadar Geulah Workers by: (1) failing to pay overtime wages and, instead, paying the same hourly wages for all hours worked; (2) failing to pay any wages for certain hours worked; (3) failing to provide paystubs listing their hours worked and wages paid; and (4) failing to provide hiring notices.

5.    As a result, Plaintiff complains on behalf of herself and a class of all other similarly situated current and former employees of the Defendants employed in the last six years, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), that they are entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) unpaid non-overtime compensation; (3) damages for failure to provide hiring notices; (4) damages for failure to provide wage statements; (5) liquidated damages equal to the sum of unpaid compensation; (6) pre-judgment and post-judgment interests; and (7) attorney's fees and costs.

6.    Pursuant to 29 U.S.C. § 216(b), Plaintiff also seeks to notify all current or former Bingo Wholesale and Hadar Geulah Workers who have worked for Defendants at any time during the three years immediately preceding the filing of this action and provide them the opportunity to join.

**JURISDICTION AND VENUE**

7.    This Court has original federal question jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 29 U.S.C. § 201, et seq., 28 U.S.C. § 1331 and 1337.

8.    This Court has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

9.    Defendants do business in Kings, Queens, Richmond, New York, and Suffolk Counties and maintain principal places of business at 1245 61st Street, Brooklyn, New York 11219 and 5914 18th Avenue, Brooklyn, NY 11204.

10.    Accordingly, venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to Plaintiff's claims took place in this District.

## THE PARTIES

### Plaintiff

11.    Plaintiff Mirna Pagoada was and is an individual residing in the State of New York.

12.    At all times relevant, Mirna Pagoada was an "employee" of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

13.    At all times relevant, Plaintiff Mirna Pagoada was employed by Defendants as both a Bingo Wholesale and Hadar Geulah worker.

14.    Plaintiff Mirna Pagoada has expressed her consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See* Exhibit A).

### Defendant Marav USA LLC, d/b/a Bingo Wholesale ("Bingo Wholesale")

15.    Upon information and belief, Bingo Wholesale was and still is a Delaware limited liability company, authorized to do business pursuant to the laws of the State of New York.

16.    Upon information and belief, Marav USA LLC's principal places of business are located at 5025 18th Avenue, Brooklyn, NY 11219 and 1245 61st Street, Brooklyn, New York 11219.

17.    Bingo Wholesale, according to its trademark registration (Registration#: 5201834 and Serial#: 87144648) is in the business of "[r]etail and wholesale store services in the fields of groceries, dairy products, baked goods, meats, fruits and vegetables, frozen foods, beverages, alcoholic beverages, paper…."

18.    Marav USA LLC's or Bingo Wholesale's supermarket, where Plaintiff also worked for Marav USA LLC, is located at 1245 61st Street, Brooklyn, New York 11219.

19.    At all times relevant, Bingo Wholesale was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law §§ 190(3), 651(6).

20.    At all times relevant, the activities of Bingo Wholesale constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

21.    Upon information and belief, Bingo Wholesale maintains control, oversight, and direction over its operations and employment practices.

22.    At all times relevant, Bingo Wholesale employed employees, including Plaintiff, whom regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

23.    Bingo Wholesale's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

***Defendant Hadar Geulah Inc ("Hadar Geulah")***

24.    Upon information and belief, Hadar Geulah was and still is a domestic corporation, authorized to do business pursuant to the laws of the State of New York.

25.    Upon information and belief, Hadar Geulah is a privately held corporation.

26.    Hadar Geulah's principal place of business is located at 5914 18th Avenue, Brooklyn, NY 11204.

27.    Upon information and belief, Hadar Geulah is restaurant that prepares and delivers food for sale at Bingo Wholesale and the public at large.

28.    At all times relevant, Hadar Geulah was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law §§ 190(3), 651(6).

29.    At all times relevant, the activities of Hadar Geulah constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

30.    Upon information and belief, Hadar Geulah maintains control, oversight, and direction over its operations and employment practices.

31.    At all times relevant, Hadar Geulah employed employees, including Plaintiff, whom regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

32.    Hadar Geulah's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

*Corporate Defendants*

33.    Corporate Defendants constitute a unified operation.

34.    Corporate Defendants constitute a common enterprise.

35.    Corporate Defendants have interrelated operations.

36.    Corporate Defendants have common management. For example, Ida Roth supervises Plaintiff's work on behalf of Hadar Geulah and also, in concert with David Weiss, supervises Plaintiff's work at Bingo Wholesale's location. Plaintiff submitted her work hours to Ida Roth via text messages and Ida Roth paid Plaintiff in cash, excluding some straight-time and all overtime hours.

37.    Corporate Defendants have a centralized control of labor relations.

38.    Corporate Defendants have common ownership.

39.    Corporate Defendants share employees, such as Plaintiff.

40.    Corporate Defendants commingled funds with each other, such as payments to Plaintiff both Bingo Wholesale and Hadar Geulah.

41.    Upon information and belief, Corporate Defendants utilized the same warehouse.

42.    Corporate Defendants constitute a single employer.

43.    Corporate Defendants constitute an integrated enterprise.

44.    At all relevant times, Corporate Defendants maintain control, oversight, and direction over Plaintiff and other employees, including timekeeping, payroll and other employment practices that applied to them.

45.    At all times relevant, Corporate Defendants was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

46.    At all times relevant, the activities of Corporate Defendants constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

47.    At all times relevant, Corporate Defendants employed employees, including Plaintiff, whom regularly engaged in commerce or in the production of goods for commerce or in

handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

48.     Corporate Defendants annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

**Defendant Moshe Neiger ("Neiger")**

49.     Upon information and belief, *Neiger* is an owner of Bingo Wholesale.

50.     Upon information and belief, *Neiger* is the finance controller of Bingo Wholesale.

51.     Upon information and belief, *Neiger* operates Bingo Wholesale.

52.     Upon information and belief, *Neiger* is a member of Bingo Wholesale.

53.     Upon information and belief, *Neiger* is a corporate officer of Bingo Wholesale.

54.     Upon information and belief, *Neiger* is an agent of Bingo Wholesale.

55.     Upon information and belief, *Neiger* has authority over personnel decisions for Bingo Wholesale.

56.     Upon information and belief, *Neiger* has authority over payroll decisions for Bingo Wholesale.

57.     Upon information and belief, *Neiger* has the authority to alter the terms and conditions of Bingo Wholesale's employees' employment.

58.     Upon information and belief, *Neiger* has the authority to supervise the employees of the Bingo Wholesale, including supervising Plaintiff's work at Bingo Wholesale.

59.     Upon information and belief, *Neiger* has the authority to hire and fire employees for Bingo Wholesale.

60.     Upon information and belief, Weiss has the power to make binding decisions for Bingo Wholesale.

61.     Upon information and belief, *Neiger* has the power to transfer the assets or liabilities of Bingo Wholesale.

62.     Upon information and belief, *Neiger* has the power to declare bankruptcy on behalf of Bingo Wholesale.

63.     Upon information and belief, *Neiger* has the power to enter into contracts on behalf of Bingo Wholesale.

64.     Upon information and belief, *Neiger* signed checks and authorized payments made on Bingo Wholesale's behalf.

65.     Upon information and belief, *Neiger* directed the work of Bingo Wholesale's employees, including Plaintiff's work.

66.     At all relevant times, *Neiger* was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law §§ 190(3), 651(6).

### Defendant David Weiss ("Weiss")

67.     Upon information and belief, Weiss is an owner of Bingo Wholesale.

68.     Upon information and belief, Weiss operates Bingo Wholesale.

69.     Upon information and belief, Weiss is a member of Bingo Wholesale.

70.     Upon information and belief, Weiss is a corporate officer of Bingo Wholesale.

71.     Upon information and belief, Weiss is the managing director of Bingo Wholesale.

72.     Upon information and belief, Weiss is an agent of Bingo Wholesale.

73.     Upon information and belief, Weiss has authority over personnel decisions for Bingo Wholesale.

74.     Upon information and belief, Weiss has authority over payroll decisions for Bingo Wholesale.

75.     Upon information and belief, Weiss has the authority to alter the terms and conditions of Bingo Wholesale's employees' employment.

76.     Upon information and belief, Weiss has the authority to supervise the employees of the Bingo Wholesale, including supervising Plaintiff's work at Bingo Wholesale.

77.     Upon information and belief, Weiss has the authority to hire and fire employees for Bingo Wholesale.

78.     Upon information and belief, Weiss has the power to make binding decisions for Bingo Wholesale.

79.     Upon information and belief, Weiss has the power to transfer the assets or liabilities of Bingo Wholesale.

80.     Upon information and belief, Weiss has the power to declare bankruptcy on behalf of Bingo Wholesale.

81.     Upon information and belief, Weiss has the power to enter into contracts on behalf of Bingo Wholesale.

82.     Upon information and belief, Weiss signed checks and authorized payments made on Bingo Wholesale's behalf.

83.     Upon information and belief, Weiss directed the work of Bingo Wholesale's employees, including Plaintiff's work.

84.     At all relevant times, Weiss was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law §§ 190(3), 651(6).

*Defendant Samuel Roth ("Roth")*

9

85.     Upon information and belief, Roth is an owner of Hadar Geulah.

86.     Upon information and belief, Roth operates Hadar Geulah.

87.     Upon information and belief, Roth is the President of Hadar Geulah.

88.     Upon information and belief, Roth is the Vice-President of Hadar Geulah.

89.     Upon information and belief, Roth is a shareholder of Hadar Geulah.

90.     Upon information and belief, Roth is a corporate officer of Hadar Geulah.

91.     Upon information and belief, Roth is the Chief Executive Officer of Hadar Geulah.

92.     Upon information and belief, Roth is an agent of Hadar Geulah.

93.     Upon information and belief, Roth has authority over personnel decisions for Hadar Geulah, including authorizing Ida Roth to hire Plaintiff.

94.     Upon information and belief, Roth has authority over payroll decisions for Hadar Geulah, including authorizing Ida Roth to pay or not pay Plaintiff.

95.     Upon information and belief, Roth has the authority to alter the terms and conditions of Hadar Geulah's employees' employment, including authorizing Ida Roth to determine when Plaintiff should come to work or not.

96.     Upon information and belief, Roth has the authority to supervise the employees of the Hadar Geulah, including Ida Roth.

97.     Upon information and belief, Roth has the authority to hire and fire employees for Hadar Geulah.

98.     Upon information and belief, Roth has the power to make binding decisions for Hadar Geulah.

99.     Upon information and belief, Roth has the power to transfer the assets or liabilities of Hadar Geulah.

100.    Upon information and belief, Roth has the power to declare bankruptcy on behalf of Hadar Geulah.

101.    Upon information and belief, Roth has the power to enter into contracts on behalf of Hadar Geulah.

102.    Upon information and belief, Roth signed checks and authorized payments made on Hadar Geulah's behalf.

103.    Upon information and belief, Roth directed the work of Hadar Geulah's employees.

104.    At all relevant times, Roth was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law §§ 190(3), 651(6).

***Defendants***

105.    At all times relevant, Defendants maintained control, oversight, and direction over Plaintiff and other employees, including timekeeping, payroll and other employment practices that applied to them.

106.    At all times relevant, Defendants individually and collectively were and still are "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law §§ 190(3), 651(6).

107.    At all times relevant, Defendants employed employees, including Plaintiff, whom regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

108.    Defendants collective annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

**FLSA COLLECTIVE ACTION CLAIMS**

109.    Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Defendants as Bingo Wholesale and Hadar Geulah Workers within the last three years and who elect to opt-in to this action.

110.    Upon information and belief, there are approximately over 100 current and former Bingo Wholesale and Hadar Geulah Workers that are similarly situated to Plaintiff who were denied overtime compensation.

111.    Plaintiff represents other Bingo Wholesale and Hadar Geulah Workers and is acting on behalf of Defendants' current and former Bingo Wholesale and Hadar Geulah Workers' interests as well as her own interests in bringing this action.

112.    Defendants unlawfully required Plaintiff and all individuals employed as Bingo Wholesale and Hadar Geulah workers to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate.

113.    Plaintiff seeks to proceed as a collective action, regarding the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following class of persons:

> All Bingo Wholesale and Hadar Geulah Workers who are currently or have been employed by the Defendants (the "FLSA Collective") at any time during the three years prior to the filing of their respective consent forms.

114.    Defendants were aware or should have been aware that the law required them to pay non-exempt employees, including Plaintiff and the FLSA Collective, an overtime premium of one and one-half times their regular rate of pay for all work-hours Defendants suffered or permitted them to work in excess of 40 per workweek. Upon information and belief, Defendants applied the same unlawful policies and practices to their Bingo Wholesale and Hadar Geulah Workers throughout the State of New York.

115.    The FLSA Collective is readily identifiable and locatable through Defendants'
records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant
to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who
have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure
compensation to which they are entitled, and which has been unlawfully withheld from them by
the Defendants.

## RULE 23 CLASS ALLEGATIONS

116.    Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action (the "NYLL
Causes of Action") on their own behalf and as a class action, pursuant to Rule 23(a) and 23(b), on
behalf of the following class of persons:

> All Bingo Wholesale and Hadar Geulah Workers who are currently
> or have been employed by the Defendants at any time during the six
> years prior to the filing of this Complaint to the entry of the
> judgment in the case (the "Class").

117.    The persons in the Class are so numerous that joinder of all members is
impracticable.  Although, the precise number of such persons is unknown, and facts on which the
calculation of that number can be based are presently within the sole control of the Defendants.

118.    Upon information and belief, the size of the Class is at least 100 individuals.

119.    The NYLL Causes of Action are properly maintainable as a class action under Fed.
R. Civ. Pro. 23(b)(3). There are questions of law and fact common to the Class that predominate
over any questions solely affecting individual members of the Class, including, but not limited to:

> a.    whether the Defendants failed to keep accurate time records for all hours
>        worked by Plaintiff and the Class;
>
> b.    what proof of hours worked is sufficient where an employer fails in its
>        duty to maintain true and accurate time records;

    c.  whether the Defendants failed to pay proper compensation to Plaintiff and the Class for all work-hours in excess of 40 per workweek in violation of and within the meaning of the N.Y. Lab. Law Article 6, §§ 190 *et seq*. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

    d.  whether Defendants failed to furnish Plaintiff and the Class with an accurate statement of, *inter alia*, wages, hours worked, and rates paid as required by N.Y. Lab. Law § 195;

    e.  whether Defendants failed to furnish Plaintiff and the Class with the annual notice required by N.Y. Lab. Law § 195;

    f.  the nature and extent of the Class-wide injury and the appropriate measure of damages sustained by the Plaintiff and the Class;

    g.  whether, in failing to pay Plaintiff and the Class properly, Defendants acted willfully, recklessly disregarded the NYLL and its mandates, or without a reasonable and good-faith belief that its actions were in compliance with the NYLL; and

    h.  the nature and extent of class-wide injury and the measure of damages for those injuries.

120.    Plaintiff will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

121.    Plaintiff and the Class have been equally affected by the Defendants' failure to pay proper wages.

122.    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the whole Class.

123.    Plaintiff's claims are typical of those of the Class. Plaintiff and the other Class members were subjected to the Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to provide

notice of rate of pay at the time of hiring. Plaintiff's job duties are typical of those of the class members.

124.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices. Finally, members of the Class are still employed by the Defendants may be reluctant to raise individual claims for fear of retaliation.

## CLASS-WIDE FACTUAL ALLEGATIONS

125.    Plaintiff and the members of the FLSA Collective and Class (collectively "Class Members") have been victims of Defendants' common policy and plan that have violated their rights under the FLSA by requiring Bingo Wholesale and Hadar Geulah Workers to work in excess of 40 hours per week and denying them overtime compensation for all overtime hours worked. At all times relevant, Defendants' unlawful policy and pattern or practice has been willful.

126.    All the work performed by Class Members was assigned by Defendants or Defendants were aware of all the overtime hours that Plaintiff and Class Members worked.

127.    Upon information and belief, Defendants have a policy and pattern or practice to require Plaintiff and Class Members to work in excess of 40 hours per week, including weekends.

128.     Defendants failed to pay Plaintiff and Class Members time and one half for all hours worked over 40 in a workweek in violation of the FLSA and NYLL.

129.     Instead, Defendants paid Plaintiff and Class Members at the same hourly rates for all hours worked.

130.     Upon information and belief, Defendants have a policy and pattern or practice to require Plaintiff and Class Members to work overtime and non-overtime hours without pay.

131.     That is, Defendants failed to pay or withheld Plaintiff' and Class Members' earned wages for hours worked.

132.     Defendants failed to furnish Plaintiff and Class Members with an accurate statement of, *inter alia*, wages, hours worked, and rates paid as required by NYLL.

133.     Defendants failed to furnish Plaintiff and Class Members with the hiring notice required by NYLL.

134.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, or policy that violates the FLSA and NYLL.  Defendants' policy and pattern or practice includes, but is not limited to:

      a.   Willfully failing to record all the time that their employees, including Plaintiff and Class Members, worked for the benefit of Defendants;

      b.   Willfully failing to keep payroll records as required by the FLSA and NYLL;

      c.   Willfully failing to pay their employees, including Plaintiff and Class Members, overtime wages for all the hours that they worked in excess of 40 per workweek;

      d.   Willfully failing to pay their employees, including Plaintiff Mirna Pagoada and Class Members, non-overtime wages for all hours they worked;

e.  Willfully failing to provide their employees, including Plaintiff and Class Members, with weekly wage statements in violation of the NYLL; and

f.  Willfully failing to provide their employees, including Plaintiff and Class Members, with hiring notices in violation of the NYLL.

135.  Defendants were or should have been aware of the FLSA's and NYLL's requirements to: (1) pay overtime wages for all hours worked in excess of 40 per week; (2) pay for all hours worked; (3) provide accurate wage statements; and (4) to provide employees with hiring notices.

136.  Upon information and belief, Defendants were actually aware that their wage-payment policies violated the NYLL.

137.  Defendants' failure to pay Plaintiff and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

138.  Defendants' failure to pay Plaintiff Mirna Pagoada and Class Members non-overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

139.  Defendants' failure to provide Plaintiff and Class Members with hiring notices was willful, intentional, and in bad faith.

140.  Defendants' failure to provide Plaintiff and Class Members with accurate wage statements was willful, intentional, and in bad faith.

141.  Defendants' unlawful conduct has been widespread, repeated, and consistent.

## **INDIVIDUAL FACTUAL ALLEGATIONS**

***Mirna Pagoada***

142.    Mirna Pagoada was employed by Defendants from November 15, 2016 until July 13, 2017 as a cook and also sold food for Hadar Geulah and for Bingo Wholesale at the Bingo Wholesale location.

143.    Mirna Pagoada is in possession of photos of herself working at Bingo Wholesale.

144.    Mirna Pagoada was an employee of Defendants, working under the direct supervision of Defendants and Defendants' managers, including Ida Roth and David Weiss.

145.    For example, on April 19, 2017, Ida Roth (a/k/a, Idy) texted Mirna Pagoada, "Gm! are you in bingo?" To which Mirna Pagoada left Ida Roth a voice message. Or, on April 30, 2017, at 12:32 a.m., Ida Roth (a/k/a, Idy) texted Mirna Pagoada, "Pleas com tomorro (sic) at 8."

146.    Another example, on July 10, 2017, at 7:31 a.m., Ida Roth (a/k/a, Idy) texted Mirna Pagoada, "Good morning what time you starting today?7? or 8?" Mirna Pagoada replied, "Good morning 8:00."

147.    Mirna Pagoada consistently wrote down the hours she worked on a piece of paper, took a picture of the piece of paper with those hours and text that picture to Ida Roth.

148.    Mirna Pagoada unfailingly submitted her work hours every week to Ida Roth via text messages from Mirna Pagoada's cell phone (xxx-xx-2216) to Ida Roth's cell phone (xxx-xx-3698).  For example, on July 10, 2017, Mirna Pagoada texted Ida Roth with a photo of her work hours for the week, "Idy these are my hours." Another example, on July 18, 2017, Ida Roth texted Mirna Pagoada asking, "I good morning I many hours you had last week?"

149.    At all times, Mirna Pagoada was required to be paid overtime pay at the statutory rate of one and one-half her regular rate of pay after she had worked 40 hours in a workweek.

150.    During most workweeks between November 15, 2016 until July 13, 2017, Mirna Pagoada worked more than 60 hours per week.

151.    Defendants failed to compensate Mirna Pagoada for the time worked in excess of 40 hours per week at a rate of at least one and one-half times her regular hourly rate, throughout the entire term of her employment with Defendants.

152.    For example, for the week ending November 15, 2016, Mirna Pagoada worked Wednesday from 9:00 a.m. to 9:00 p.m., Thursday from 9:15 a.m. to 12:25 a.m. the following day, Friday from 8:00 a.m. to 2:00 p.m., and Sunday through Tuesday from 8:00 a.m. to 8:00 p.m. That is a total of 69.10 hours that Mirna Pagoada worked that week.  Defendants, however, only paid her $15 an hour for those hours.

153.    In the example directly above, Mirna Pagoada worked 29.10 hours in overtime during the week ending on November 15, 2016.  Defendants did not pay her one and one-half times her regular rate of pay after she had worked 40 hours for these hours.

154.    Defendants failed to compensate Mirna Pagoada for non-overtime hours she worked.

155.    Defendants failed to furnish Mirna Pagoada with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid. Mirna Pagoada wrote down her work hours and submit them to Ida Roth via text messages from Mirna Pagoada's cell phone (xxx-xx-2216) to Ida Roth's cell phone (xxx-xx-3698) during the entire time Mirna Pagoada worked for the Defendants.

156.    Defendants did not provide Mirna Pagoada with a hiring notice when they hired her in or around November 15, 2016 or at any time during her employment with the Defendants.

157.    Upon information and belief, Defendants did not keep accurate records of hours worked by Mirna Pagoada.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**

**(Brought on behalf of Plaintiff and the FLSA Collective)**

158.    Plaintiff incorporates by reference all preceding allegations.

159.    Plaintiff and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

160.    Defendants employed Plaintiff and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiff and members of the FLSA Collective for all of the time worked in excess of 40 hours per week at a rate of at least one and one-half times their regular hourly rate in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

161.    Plaintiff has expressed her consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

162.    Defendants have failed to make a good faith effort to comply with the FLSA with respect to their compensation to Plaintiff and the FLSA Collective.

163.    Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

164.    Because of this willful underpayment of overtime wages, Defendants are indebted to Plaintiff in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the Class)**

165.    Plaintiff incorporates by reference all preceding allegations.

166.    Defendants employed Plaintiff and members of the Class for workweeks longer than 40 hours and willfully failed to compensate Plaintiff and the Class for all of the time worked

in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of NYLL.

167.    By the course of conduct set forth above, Defendants have violated N.Y. Lab. Law § 650, et seq.; 12 N.Y.C.R.R. Part 142-2.2.

168.    Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and Class Members.

169.    Defendants have a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiff and the Class.

170.    Defendants lacked a good faith basis, within the meaning of N.Y. Lab. Law § 663, to believe their failure to pay Plaintiff and the Class overtime wages complied with the NYLL.

171.    As a consequence of the willful underpayment of wages, alleged above, Plaintiff and the Class have incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to the Defendants' unlawful and willful conduct, as the Court deems just and proper.

172.    Plaintiff seeks recovery of unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs to be paid by the Defendants as provided by the NYLL.

### THIRD CAUSE OF ACTION
### NYLL – Unpaid Non-Overtime Wages
### (Brought on behalf of Plaintiff Mirna Pagoada and the Class)

173.    Plaintiff incorporates by reference all preceding allegations.

174.    Plaintiff Mirna Pagoada and the Class are covered by the NYLL as employees of Defendants, including as manual workers.

175.    Defendants failed to pay Plaintiff Mirna Pagoada and the Class non-overtime wages to which they are entitled under the NYLL Article 6 §§ 191 et seq., and Article 19 §§ 650 et seq.

– specifically N.Y. Lab. Law §§ 191(1)(a) and 661(3) – and the supporting New York State Department of Labor Regulations.

176.    Defendants has a policy and practice of refusing to pay non-overtime compensation for all hours worked to the Class, including Plaintiff Mirna Pagoada.

177.    Defendants lacked a good faith basis, within the meaning of N.Y. Lab. Law § 663, to believe their failure to pay Plaintiff Mirna Pagoada and the Class non-overtime wages complied with the NYLL.

178.    Due to Defendants violations of the NYLL, Plaintiff Mirna Pagoada and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### NYLL – Failure to Provide Wage Statements
### (Brought on behalf of Plaintiff and the Class)

179.    Plaintiff incorporates by reference all preceding allegations.

180.    Defendants failed to supply Plaintiff and the Class Members with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

181.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement from April 9, 2011 through February 26, 2015, Plaintiff and the Class Members are each entitled to damages of $100 per workweek, or a

total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys'

fees, costs, and injunctive and declaratory relief.

182.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that

Defendants failed to provide a proper wage statement from February 26, 2015 through the present,

Plaintiff and the Class Members are each entitled to damages of $250 per work day, or a total of

$5,000 per person, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and

injunctive and declaratory relief.

### FIFTH CAUSE OF ACTION
### NYLL – Hiring Notice Violations
### (Brought on behalf of Plaintiff and the Class)

183.    Plaintiff incorporates by reference all preceding allegations.

184.    Defendants failed to supply Plaintiff and members of the Class notice as required

by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff as her primary

language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour,

shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate

or rates of pay if applicable; the regular pay day designated by the employer in accordance with

N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the

employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; the telephone number of the employer; plus such other information as

the commissioner deems material and necessary.

185.    Defendants failed to supply Plaintiff and members of the Class with an accurate

statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by

that payment of wages; name of employee; name of employer; address and phone number of

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

186.    Due to Defendants' violations of N.Y. Lab. Law § 195, Plaintiff and the Class Members are each entitled to damages of $50.00 for each work day that Defendants failed to provide a hiring notice, or a total of $5,000.00 per person, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, seeks for the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice to the FLSA Collective, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as Bingo Wholesale and Hadar Geulah Workers, or similarly situated positions. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.    Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

D.    Unpaid non-overtime pay and liquidated damages permitted by law pursuant to the NYLL;

E.    Statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

F.    Certification of this case as a class action pursuant to Rule 23;

G.    Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

H.    Pre-judgment and post-judgment interests as provided by law;

I.    Appropriate equitable and injunctive relief to remedy violations, including, but not necessarily limited to, an order enjoining Defendants from continuing its unlawful practices;

J.    Attorneys' fees and costs of the action;

K.    Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190 *et seq.*;

L.    An injunction requiring Defendants to cease the unlawful activity described herein pursuant to N.Y. Lab. Law § 190 *et seq.*;

M.    Reasonable incentive awards for Plaintiff to compensate her for the time she spent attempting to recover wages for the Class and for the risks she took in doing so; and

N.    Such other and further relief this Court shall deem just and proper.

Dated:  New York, New York
        December 6, 2019

Respectfully submitted,

By:    s/ Jerry Boies
       _____

**THE BOIES LAW FIRM, PLLC**
Jerry Boies, Esq.
535 Fifth Avenue, 4th Floor
New York, NY 10017
(646) 274-1400 (*phone*)
jboies@boieslaw.com (*email*)

**TAKEROOT JUSTICE**
Eliseo Cabrera, Esq.
123 William Street, 16th Floor
New York, NY 10038
(646) 459-3020 (*phone*)
ecabrera@takerootjustice.org (*email*)

*Attorneys for Plaintiff and the Putative*
*FLSA Collective and Class*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff respectfully demands a trial by jury on all issues

so triable as of right by jury.

Dated:  New York, New York
          December 6, 2019

Respectfully submitted,

By:    s/ Jerry Boies

**THE BOIES LAW FIRM, PLLC**
Jerry Boies, Esq.
535 Fifth Avenue, 4th Floor
New York, NY 10017
(646) 274-1400 (*phone*)
jboies@boieslaw.com (*email*)

**TAKEROOT JUSTICE**
Eliseo Cabrera, Esq.
123 William Street, 16th Floor
New York, NY 10038
(646) 459-3020 (*phone*)
ecabrera@takerootjustice.org (*email*)

*Attorneys for Plaintiff and the Putative*
*FLSA Collective and Class*
